UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD GIAIMIS**<br><br>          **Plaintiff,**<br>v.<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC AND VERIZON COMMUNICATIONS INC.**<br><br>          **Defendants.** | Case No.: 2:20-CV-04764-KSM<br><br>**DEFENDANT VERIZON PENNSYLVANIA LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Verizon Pennsylvania LLC, *erroneously sued as* Verizon Communications Inc. ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiff Gerald Giaimis ("Plaintiff"), for itself only, as follows[1]:

## PRELIMINARY STATEMENT

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff has filed this lawsuit alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Defendant denies violating the FCRA or any other law, denies that Plaintiff is entitled to damages, and further denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law, and denies violating the FCRA or any other law.

---

[1] The Complaint's headings are repeated herein for organizational purposes only and should be considered denied.

3. Answering Paragraph 3 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

6. Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

8. Answering Paragraph 8 of the Complaint, Defendant admits that under certain circumstances and in certain situations, Verizon Pennsylvania LLC conducts business in Pennsylvania. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

## FACTS

9. Answering Paragraph 9 of the Complaint, Defendant denies these allegations.
10. Answering Paragraph 10 of the Complaint, Defendant denies these allegations.
11. Answering Paragraph 11 of the Complaint, Defendant denies these allegations.
12. Answering Paragraph 12 of the Complaint, Defendant denies these allegations.
13. Answering Paragraph 13 of the Complaint, Defendant denies these allegations.
14. Answering Paragraph 14 of the Complaint, Defendant denies these allegations.

15. Answering Paragraph 15 of the Complaint, Defendant denies any allegation of wrongdoing, and denies that it reported any inaccurate information on Plaintiff's credit report. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

16. Answering Paragraph 16 of the Complaint, Defendant denies these allegations.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

18. Answering Paragraph 18 of the Complaint, Defendant denies these allegations.

## Count One – Violations Of The FCRA

### Plaintiff v. TU, EX and EQ

19. Answering Paragraph 19 of the Complaint, Defendant incorporates its responses to the foregoing paragraphs as if set forth fully herein.

20. Answering Paragraph 20 of the Complaint, these allegations are not alleged against Defendant and thus no response is required. To the extent a response is required, these allegations consist of legal conclusions to which no response is required. Defendant denies the allegations to the extent they misstate the law.

21. Answering Paragraph 21 of the Complaint, these allegations are not alleged against Defendant and thus no response is required. To the extent a response is required, these allegations consist of legal conclusions to which no response is required. Defendant denies the allegations to the extent they misstate the law.

22. Answering Paragraph 22 of the Complaint, these allegations are not alleged against Defendant and thus no response is required. To the extent a response is required, these allegations consist of legal conclusions to which no response is required. Defendant denies the allegations to the extent they misstate the law.

23. Answering Paragraph 23 of the Complaint, these allegations are not alleged against Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

24. Answering Paragraph 24 of the Complaint, these allegations are not alleged against Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

## Count Two – Violations Of The FCRA

### Plaintiff v. Verizon

25. Answering Paragraph 25 of the Complaint, Defendant incorporates its responses to the foregoing paragraphs as if set forth fully herein.

26. Answering Paragraph 26 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

27. Answering Paragraph 27 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

28. Answering Paragraph 28 of the Complaint, and subparts (a) through (g), Defendant denies these allegations.

29. Answering Paragraph 29 of the Complaint, Defendant denies these allegations.

## JURY TRIAL DEMAND

30. Answering the Jury Trial Demand contained in paragraph 30, Defendant admits that Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Answering the Prayer for Relief following Paragraph 30 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested therein or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. Defendant reserves the right to compel contractual arbitration.

### SECOND AFFIRMATIVE DEFENSE

32. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

### SEVENTH AFFIRMATIVE DEFENSE

37. Defendant's conduct was privileged or justified.

### EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

/ / /

## TENTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

41.     Plaintiff's claims may be barred because Defendant conducted a reasonable investigation of any dispute received from any consumer reporting agency regarding the subject account.

## ELEVENTH AFFIRMATIVE DEFENSE

42.     Defendant specifically deny that they acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

43.     Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE

44.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, including Plaintiff, and not by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

45.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

46.     If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

47. Defendant specifically gives notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend their Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Frederick E. Blakelock*
Frederick E. Blakelock, Esquire
Christine J. Viggiano, Esquire
Reilly, McDevitt & Henrich, P.C.
The Widener Building
One South Penn Square, Suite 410
Philadelphia, PA 19107
(215) 972-5200
fblakelock@rmh-law.com
cviggiano@rmh-law.com
Counsel for Defendant,
Verizon Pennsylvania LLC

Dated:  October 30, 2020